**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Omari Daniela Bustos Mendoza**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **AZ Janitorial Services LLC**, an Arizona limited liability company, **DMJ Alternative Labor Services LLC**, an Arizona limited liability company, **Andres F. Rosales and Jane Doe Rosales**, a married couple, and **Daniel Valencia and Jane Doe Valencia**, | |
| Defendants. | |

Plaintiff, Omari Daniela Bustos Mendoza ("Plaintiff" or "Omari Daniela Bustos Mendoza"), sues the Defendants, AZ Janitorial Services LLC and Andres F. Rosales and Jane Doe Rosales (collectively, AZ Janitorial Services LLC and Andres F. Rosales and Jane Doe Rosales are referred to as "AZ Janitorial Services" or the "AZ Janitorial Services Defendants"), and Defendants, DMJ Alternative Labor Services LLC and Daniel Valencia and Jane Doe Valencia (collectively, DMJ Alternative Labor Services LLC and Daniel Valencia and Jane Doe Valencia are referred to as the "DMJ Alternative Labor

-1-

Services" or the "DMJ Alternative Labor Services Defendants") (collectively, all Defendants are referred to as "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.    This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek.  See 29 U.S.C. § 207(a).

3.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

-2-

5.    Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.    This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.    The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.    The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12.    At all material times, Defendant AZ Janitorial Services LLC was a limited liability duly licensed to transact business in the State of Arizona.  At all material times, Defendant AZ Janitorial Services LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.    At all relevant times, on information and belief, Defendant AZ Janitorial Services LLC owned and operated as "AZ Janitorial Services," a commercial cleaning company doing business in Maricopa County, Arizona.

14.    Under the FLSA, Defendant AZ Janitorial Services LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant AZ Janitorial Services LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to AZ Janitorial Services' employees, Defendant AZ Janitorial Services LLC is subject to liability under the FLSA.

15.    Defendants Andres F. Rosales and Jane Doe Rosales are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the

claims in this Complaint as to which their marital community is fully liable. Defendants Andres F. Rosales and Jane Doe Rosales are owners of AZ Janitorial Services and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants Andres F. Rosales and Jane Doe Rosales are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Andres F. Rosales and Jane Doe Rosales had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to AZ Janitorial Services' employees, Defendants Andres F. Rosales and Jane Doe Rosales are subject to individual liability under the FLSA.

17. At all material times, Defendant DMJ Alternative Labor Services LLC was a limited liability duly licensed to transact business in the State of Arizona. At all material times, Defendant DMJ Alternative Labor Services LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

18. At all relevant times, on information and belief, Defendant DMJ Alternative Labor Services LLC owned and operated as "DMJ Alternative Labor Services," a labor and employment staffing company doing business in Maricopa County, Arizona.

19. Under the FLSA, Defendant DMJ Alternative Labor Services LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant DMJ Alternative Labor Services LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to DMJ Alternative Labor Services' employees, Defendant DMJ Alternative Labor Services LLC is subject to liability under the FLSA.

20. Defendants Daniel Valencia and Jane Doe Valencia are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Daniel Valencia and Jane Doe Valencia are owners of DMJ Alternative Labor Services and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

21. Under the FLSA, Defendants Daniel Valencia and Jane Doe Valencia are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Daniel Valencia and Jane Doe Valencia had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the

-6-

interest of Defendants in relation to DMJ Alternative Services' employees, Defendants Daniel Valencia and Jane Doe Valencia are subject to individual liability under the FLSA.

22.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

23.    Defendants, and each of them, are sued in both their individual and corporate capacities.

24.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

25.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

26.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

27.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

28.    The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

29.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

30.    At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

-7-

31.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

32.    In addition to being employers in their own right, the AZ Janitorial Services Defendants and the DMJ Alternative Labor Services Defendants comprise a "vertical joint employment" relationship under the FLSA.

33.    Vertical joint employment exists when "a company has contracted for workers who are directly employed by an intermediary company." *Litzendorf v. Property Maintenance Solutions, LLC*, 2017 WL 5900830, at *4 fn. 2 (D. Ariz. November 30, 2017).

34.    Specifically, the AZ Janitorial Services Defendants hired and contracted with the DMJ Alternative Labor Services Defendants for Plaintiff to perform janitorial work for them.

35.    The AZ Janitorial Services Defendants assign employment opportunities it needs filled to the DMJ Alternative Labor Services Defendants.

36.    The DMJ Alternative Labor Services Defendants hire workers, such as Plaintiff, to perform the work solicitated by the AZ Janitorial Services Defendants.

37.    All work performed by Plaintiff was assigned by the AZ Janitorial Services Defendants.

38.    The AZ Janitorial Services Defendants controlled the work being performed by Plaintiff by assigning such work to the DMJ Alternative Labor Services Defendants to assign to her.

39. Work assigned by the AZ Janitorial Services Defendants to the DMJ Alternative Labor Services Defendants passed to Plaintiff without material change.

40. Plaintiff was hired by Defendants to perform work as a janitor, work that was integral to the AZ Janitorial Services Defendants' business.

41. The work performed by Plaintiff was manual labor work and did not require a special skill or initiative, judgment, or foresight.

42. Plaintiff used materials and equipment provided by Defendants and did not invest in her own equipment, materials, or the employment of helpers.

43. Plaintiff did not have the opportunity for profit or loss based on her managerial skill. Rather, Plaintiff was compensated, or supposed to be compensated, on an hourly rate by Defendants for work she was assigned by them.

44. Plaintiff was hired by Defendants for a non-durational period.

45. On information and belief, the AZ Janitorial Services Defendants compensated Plaintiff by paying Defendants the DMJ Alternative Labor Services Defendants, who would then compensate Plaintiff.

46. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

47. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

48.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

49.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

50.    Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

51.    The AZ Janitorial Defendants own and/or operate as AZ Janitorial Services LLC, a commercial cleaning company doing business in Maricopa County, Arizona.

52.    The DMJ Alternative Labor Services Defendants own and/or operate as DMJ Alternative Labor Services, a labor and employment staffing company doing business in Maricopa County, Arizona.

53.    Plaintiff was hired by and began working for Defendants on or about October 16, 2024.

54.    On approximately November 30, 2024, Plaintiff's employment with Defendants ended.

55.    At all relevant times, Plaintiff worked approximately between six and seven workweeks for Defendants.

56.    Plaintiff was at all relevant an employee of Defendants, as defined by the FLSA, 29 U.S.C. § 201 et seq.

57.    At all relevant times, in her work for Defendants, Plaintiff worked as a janitor for Defendants.

58.    Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of approximately $16.

59.    For the between six and seven workweeks of her employment with Defendants, Defendants only compensated Plaintiff for two workweeks–approximately November 1, 2024, through November 14, 2024, for which she received a paycheck on or about November 20, 2024.

60.    However, Defendants did not pay her any wages whatsoever for the time she spent working between approximately October 16, 2024, through October 31, 2024, or for the time she spent working between approximately November 15, 2024, through the end of her employment on or about November 30, 2024.

61.    As a result of failing to pay Plaintiff any wages whatsoever for the four workweeks at issue that she worked, Defendants failed to pay earned wages to Plaintiff for work she performed, despite having suffered or permitted Plaintiff to work such time.

62.    As a result of failing to pay Plaintiff any wages whatsoever for the four workweeks at issue that she worked, Defendants failed to pay the minimum wage to Plaintiff for such time.

63.    To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

64.    On information and belief, when Plaintiff left her employment with Defendants, Defendants had in their possession Plaintiff's address.

65.    However, Defendants never paid Plaintiff any wages whatsoever for the time she worked for them during the four unpaid workweeks at issue that she worked.

66.    As a result of not having paid any wage whatsoever to Plaintiff for the time she worked for Defendants during the four unpaid workweeks at issue, Defendants failed to pay the applicable minimum wage to Plaintiff.

67.    As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

68.    As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

69.    As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

70.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

71.    At all relevant times, Plaintiff was a non-exempt employee.

72.    Plaintiff is a covered employee within the meaning of the FLSA.

73.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

74.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

75.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the

unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

76. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. As a result of not paying Plaintiff any wage whatsoever for the time she worked for them during the four unpaid workweeks at issue, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

79. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

80. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Omari Daniela Bustos Mendoza, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

-13-

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. As a result of not paying Plaintiff any wage whatsoever for the time she worked for them during the four unpaid workweeks at issue, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

83. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

-14-

84.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Omari Daniela Bustos Mendoza, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

-15-

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANTS AZ JANITORIAL SERVICES LLC, AND DMJ ALTERNATIVE**
**LABOR SERVICES LLC, ONLY**

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. As a result of the allegations contained herein, Defendants AZ Janitorial Services LLC and DMJ Alternative Labor Services LLC did not compensate Plaintiff wages due and owing to her.

87. Defendants AZ Janitorial Services LLC and DMJ Alternative Labor Services LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

88. Defendants AZ Janitorial Services LLC and DMJ Alternative Labor Services LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing her.

89. Defendants AZ Janitorial Services LLC and DMJ Alternative Labor Services LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

90. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants AZ Janitorial Services LLC and DMJ Alternative Labor Services LLC.

91. Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Omari Daniela Bustos Mendoza, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants AZ Janitorial Services LLC and DMJ Alternative Labor Services LLC:

A.      For the Court to declare and find that Defendants AZ Janitorial Services LLC and DMJ Alternative Labor Services LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.      For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.      For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.      Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th day of February, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-17-

## **VERIFICATION**

Plaintiff, Omari Daniela Bustos Mendoza, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

Omari
Bustos
Omari Daniela Busto Mendoza (Feb 6, 2025 09:35 EST)
Omari Daniela Bustos Mendoza

-18-